**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | |
|---|---|
| TERESA M. LINCH, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )    CIVIL ACTION FILE: |
| | )    5:14-CV-00061-MTT |
| | ) |
| ALLIANCE REALTY CAPITAL, LLC, | ) |
| BARCLAY PLC, EQUIFIRST | ) |
| CORPORATION, OCWEN LOAN | ) |
| SERVICING, LLC, US NATIONAL | ) |
| BANK ASSOCIATION, LLC, U.S. | ) |
| BANCORP, LLC, RESIDENTIAL | ) |
| FUNDING COMPANY, LLC, MORRIS | ) |
| HARDWICK SCHNEIDER ATTORNEYS | ) |
| AT LAW, MORTGAGE ELECTRONIC | ) |
| REGISTRATION SYSTEMS, INC., | ) |
| and FCI LENDER SERVICES, INC., | ) |
| | ) |
|     Defendants. | ) |
| _____ | ) |

## DEFENDANTS BARCLAYS PLC AND EQUIFIRST CORPORATION'S BRIEF IN SUPPORT OF MOTION TO DISMISS PETITIONER'S VERIFIED PETITION

Defendants Barclays PLC (incorrectly identified as Barclay PLC) ("Barclays") and EquiFirst Corporation ("EquiFirst") (collectively, the "EquiFirst Defendants") submit this Brief in Support of their Motion to Dismiss Petitioner's

Verified Petition ("Petition") pursuant to Rules 12(b)(2) and 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules").

## I.    <u>INTRODUCTION</u>

On February 13, 2014, Petitioner filed her Verified Petition for Temporary and Permanent Injunctive and Declaratory Relief and to Set Aside Wrongful Foreclosure in the United States District Court for the Middle District of Georgia, Columbus Division seeking temporary and permanent injunctive and declaratory relief including to set aside an alleged wrongful foreclosure and to void the original mortgage transaction, and seeking certain monetary damages including costs of the action, punitive damages, and other such relief as the Court may deem proper.  See Docket 1 (Petitioner's Petition, 2/13/14). Defendant EquiFirst was the original lender on Petitioner's mortgage loan, which closed on October 19, 2005. Defendant Barclays is a public limited corporation organized under the laws of the United Kingdom with no presence in Georgia.  The Security Deeds in question have subsequently been assigned to Defendant Alliance Realty Capital, LLC.

A Warranty Deed ("Warranty Deed") was executed on October 19, 2005 from Wesley William Leach and Brandi J. Leach to Deana Jones and Teresa Michelle Linch. A copy of the October 19, 2005 Warranty Deed is attached as Exhibit A.  Also on October 19, 2005, Petitioner entered into two Security Deeds

and a Note with Defendant EquiFirst as Lender and Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for EquiFirst and its successors and assigns.  A copy of the October 19, 2005 Security Deed in the amount of $88,000 ("Security Deed 1") between Petitioner and EquiFirst as Lender and MERS as nominee is attached as Exhibit B. A copy of the October 19, 2005 Security Deed in the amount of $22,200 ("Security Deed 2") between Petitioner and EquiFirst as Lender and MERS as nominee is attached as Exhibit C. A copy of the October 19, 2005 Note for $22,200 is attached as Exhibit D.

The Assignments and change of title for Security Deed 1 and Security Deed 2 are clean and complete. At the time of Alliance Realty Capital, LLC's foreclosure of Security Deed 2, title to Security Deed 1 was properly vested in Alliance Realty Capital, LLC and title to Security Deed 2 was properly vested in MSNI Advantage, LP, as detailed below.

Defendant EquiFirst sent Petitioner a Notice of Assignment, Sale or Transfer of Servicing Rights on November 29, 2005 regarding Security Deed 1 ("Assignment 1") and another Notice of Assignment, Sale or Transfer of Servicing Rights on December 28, 2005 regarding Security Deed 2 ("Assignment 2"). A copy of Assignment 1 is attached as Exhibit E. A copy of Assignment 2 is attached as Exhibit F.

On January 26, 2009, MERS executed an Assignment of Security Deed 1 from MERS to US Bank National Association as Trustee. A copy of the January 26, 2009 Assignment from MERS to US Bank National Association as Trustee is attached as Exhibit G. On February 9, 2011, MERS executed a Corrective Assignment of Security Deed 1 from MERS to US Bank National Association as Trustee for RAMP 2005-EFC7. A copy of the February 9, 2011 Corrective Assignment of Security Deed from MERS to US Bank National Association as Trustee for RAMP 2005-EFC7 is attached as Exhibit H. On March 2, 2011, MERS executed an Assignment of Mortgage/Deed of Security Deed 2 from MERS to USMR Fund 5, LLC. A copy of the March 2, 2011 Assignment of Mortgage/Deed from MERS to USMR Fund 5, LLC is attached as Exhibit I. On September 27, 2012, MERS executed a Corporate Assignment of Mortgage of Security Deed 1 from MERS to Alliance Realty Capital, LLC. A copy of the September 27, 2012 Corporate Assignment of Mortgage from MERS to Alliance Realty Capital, LLC is attached as Exhibit J. On March 19, 2013, a Corrective Assignment Corporate Assignment of Security Deed 1 was executed from Ocwen Loan Servicing attorney-in-fact for US Bank National Association as Trustee for RAMP 2005-EFC7 to Residential Funding Company, LLC. A copy of the March 19, 2013 Corrective Assignment Corporate Assignment of Security Deed from Ocwen Loan

Servicing attorney-in-fact for US Bank National Association as Trustee for RAMP 2005-EFC7 to Residential Funding Company, LLC is attached as Exhibit K. On March 19, 2013, a Corporate Assignment of Security Deed 1 was executed from Residential Funding Company, LLC to Alliance Realty Capital, LLC. A copy of the March 19, 2013 Corporate Assignment of Security Deed from Residential Funding Company, LLC to Alliance Realty Capital, LLC is attached as Exhibit L.

On August 22, 2013, a Quitclaim Deed was executed from Deana Jones to Teresa Linch. A copy of the August 22, 2013 Quitclaim Deed from Deana Jones to Teresa Linch is attached as Exhibit M. On November 4, 2013, a Corporate Assignment of Mortgage of Security Deed 2 was executed from USMR Fund 5 LLC to MSNI Advantage, LP. A copy of the November 4, 2013 Corporate Assignment of Mortgage from USMR Fund 5 LLC to MSNI Advantage, LP is attached as Exhibit N. On December 3, 2013, a Deed Under Power of Sale of Security Deed 1 was entered by Alliance Realty Capital, LLC against Deana Jones and Teresa Linch. A copy of the December 3, 2013 Deed Under Power of Sale is attached as Exhibit O.

Petitioner has not alleged any facts to show that this Court may exercise personal jurisdiction over Barclays PLC.  Accordingly, the Petition against Barclays PLC must be dismissed pursuant to Rule 12(b)(2).

Petitioner's claims for misrepresentation as legal fraud, fraudulent assignment, declaratory relief, preliminary injunctive relief, violations of the Fair Business Practices Act ("FBPA"), violations of Georgia's RICO Act, and wrongful foreclosure fail to state claims against the EquiFirst Defendants because neither Barclays nor EquiFirst has an interest in the loans or security deeds at issue, as evidenced by the subsequent Assignments of the security deeds. Therefore, the EquiFirst Defendants seek dismissal of the petition with prejudice for failure to state a plausible claim pursuant to Rule 12(b)(6).

## II.   THE COMPLAINT AGAINST DEFENDANT BARCLAYS MUST BE DISMISSED PURSUANT TO FEDERAL RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION

Petitioner's claims, as set forth in the Petition, fail to Plaintiff's only factual allegation with regard to personal jurisdiction over Defendant Barclays is that Barclays is the "Principal Owner of Equifirst Corporation" with a principal address at One Churchill Place Canary Wharf, London, UK. See Paragraph 16 of the Petition. As explained above, Barclays does not have a presence in Georgia and, therefore, the claims against it must be dismissed.

### A. ARGUMENT AND CITATION OF AUTHORITY

Petitioner bears the burden of alleging sufficient facts to make out a prima facie case of personal jurisdiction. Diamond Crystal Brands, Inc. v. Food Movers

<u>Int'l</u>, 593 F. 3d 1249, 1257 (11th Cir. 2009). "A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: the exercise of jurisdiction must be (1) appropriate under the long-arm statute and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Id. at 1257-58.

The Georgia Long-Arm statute confers jurisdiction over a defendant where the defendant does one of the following:

(1) Transacts any business within this state;

(2) Commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act;

(3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

(4) Owns, uses, or possesses any real property situated within this state… O.C.G.A. § 9-10-91. A defendant must commit one of the acts listed in the long-arm statute to be subject to personal jurisdiction in Georgia.

Petitioner's allegations relating to Barclays' conduct all stem from its allegation that Barclays is a parent company of EquiFirst.  Petitioner has not

alleged that Barclays itself (i) transacted business within Georgia, (ii) committed a tortious act or omission within Georgia, (iii) regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed in Georgia, or (iv) owns, uses, or possesses any real property within Georgia.

Even if the long-arm statute confers jurisdiction over Barclays, the Court's assertion of jurisdiction must be consistent with Constitutional Due Process. The Due Process Clause requires that a defendant's conduct and connection with the forum be such that he should "reasonably anticipate being haled into court there." Burger King v. Rudzewicz, 471 U.S. 462, 474 (1985). A court's exercise of personal jurisdiction is consistent with due process if the non-resident defendant has established "minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1220 (11th Cir. 2009) (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984).

Petitioner merely alleges—without support—that Defendant Barclays has a corporate address at 745 Seventh Avenue, New York, NY 10019 with a last known registered agent in Georgia being CT Corporation System, 1201 Peachtree Street,

NE, Atlanta, GA 30361. See Paragraph 16 of the Petition.  The first of these allegations—even if true—does not give this Court personal jurisdiction over Barclays in Georgia.  The second allegation is unsupported by publicly available information of which this Court may take judicial notice.  Kynes v. PNC Mortg., 2013 U.S. Dist. LEXIS 125309, at *12 (N.D. Ga. July 25, 2013).  A copy of the SEC Form F-N by Barclays PLC is attached as Exhibit P.

For these reasons, Petitioner's claims against Defendant Barclays should be dismissed with prejudice for lack of personal jurisdiction pursuant to Rule 12(b)(2).

### III.   THE PETITION AGAINST THE EQUIFIRST DEFENDANTS MUST BE DISMISSED PURSUANT TO RULE 12(b)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED

The Petition fails to state a claim upon which relief can be granted against the EquiFirst Defendants and must be dismissed. Rule 12(b)(6). Petitioner seeks temporary and permanent injunctive and declaratory relief, including an order setting aside an alleged wrongful foreclosure and voiding the original mortgage transaction, as well as certain monetary damages including costs of the action, punitive damages, and other such relief as the Court may deem proper. See Docket 1 (Petition, 2/13/14).

Petitioner claims that Defendant EquiFirst "is purportedly the original lender and is responsible for the illegal and unlawful assignments of the Security Interest of Plaintiff's debt, by instituting Robo-signatures on said assignments." See Paragraph 15 of the Petition. This allegation is belied by Petitioner's allegation that she "executed a Promissory Note and Security Deed (thereinafter the "Mortgage Loan", unless otherwise identified) in favor of Defendant EquiFirst Corporation in the principal amount of $88,000." See Paragraph 15 of the Petition. Thus, Petitioner judicially admits that Defendant EquiFirst was the original lender of the loan in question.  Moreover, Petitioner does not present any evidence to support her conclusory allegations against the EquiFirst Defendants regarding "robosigning." The Security Deed to which Petitioner referred is attached as Exhibit B, Security Deed 1, which identifies Defendant EquiFirst as Lender and MERS as nominee for Defendant EquiFirst and its successors and assigns. Petitioner failed to provide any evidence whatsoever to support her assertions.  For these reasons, Petitioner's claims should be dismissed with prejudice.

The purpose of a Rule 12(b)(6) motion is to provide a defendant with a mechanism for testing the legal sufficiency of the Petition while preserving judicial resources and avoiding unnecessary discovery.  Neitzke v. Williams, 490 U.S. 319, 326-27 (1989).  On May 18, 2009, the Supreme Court reiterated that the pleading

requirements of the <u>Twombly</u> court should be rigorously enforced by the lower courts when considering a Rule 12(b)(6) motion to dismiss a Petition.  <u>Ashcroft v. Iqbal</u>, 129 U.S. 544, 129 S. Ct. 1937 (2009), *citing* <u>Bell Atlantic Corporation v. Twombly</u>, 550 U.S. 544, 554-56 (2007). The Court explained that while a Petition does not need "detailed factual allegations" to survive a Rule 12(b)(6) motion, Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  <u>Iqbal</u>, 129 S. Ct. at 1949; *citing* <u>Twombly</u>, 550 U.S. at 555.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  <u>Id</u>.; *citing* <u>Twombly</u>, 550 U.S. at 555. "Nor does a Petition suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  <u>Id</u>.; *citing* <u>Twombly</u>, 550 U.S. at 557. "Factual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. A claim has facial plausibility when the Petitioner pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S.Ct. at 1949.

When considering a Rule 12(b)(6) motion, the Court instructed lower courts to consider "[t]wo working principles."  <u>Iqbal</u>, 129 S. Ct. at 1949.  First, a court is not bound to accept as true legal conclusions couched as factual allegations. Second, "[t]o survive a motion to dismiss, a Petition must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Id.; *citing* Twombly, 550 U.S. at 570.  "But where the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct, the Petition

. . . has not 'show[n]' – 'that the pleader is entitled to relief.'"  Id. at 1950; *citing*

Fed. R. Civ. P. 8(a)(2).

> To guide lower courts on the "plausibility" principle, the Court explained:

>> A claim has facial plausibility when the Petitioner pleads
>> factual content that allows the court to draw the
>> reasonable inference that the defendant is liable for the
>> misconduct alleged. The plausibility standard is not akin
>> to a "probability requirement," but it asks for more than a
>> sheer possibility that a defendant has acted unlawfully.
>> Where a Petition pleads facts that are "merely consistent
>> with" a defendant's liability, it "stops short of the line
>> between possibility and plausibility of 'entitlement to
>> relief.'"

Id. at 1949.  Thus, "[d]etermining whether a Petition states a plausible claim for

relief will . . . be a context-specific task that requires the reviewing court to draw

on its judicial experience and common sense." Id. at 1950.

> In considering a Rule 12(b)(6) motion, the Court should accept all well-

pleaded facts in the Petition as true and draw all inferences in the Petitioner's

favor. Williams v. Alabama State University, 102 F.3d 1179, 1182 (11th Cir.

1997). Moreover, in considering the Motion to Dismiss, a Court may consider any

matters of public record or documents that a Petitioner references in the Petition

that are integral to the Petitioner's claim. Fed.R.Civ.P. 10(c); <u>Bryant v. Avado Brands, Inc.</u>, 187 F.3d 1271 (11th Cir. 1999). Generally, when the allegations in a Petition, however true, do not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.  *See* <u>Twombly</u>, 550 U.S. at 558.

## A.     <u>ARGUMENT AND CITATION OF AUTHORITY</u>

### 1.   <u>Petitioner's Misrepresentation as Legal Fraud Claim Must Be Dismissed</u>

Petitioner alleges misrepresentation as legal fraud by all named Defendants and states that Defendants misrepresented the deed's chain of title to Petitioner. She also states that she relied upon those misrepresentations and suffered a foreclosure as a result of the alleged misrepresentations. See Paragraphs 40 and 41 of the Petition. O.C.G.A. §23-2-52 states that "[m]isrepresentation of a material fact, made willfully to deceive or recklessly without knowledge and acted on by the opposite party or made innocently and mistakenly and acted on by the opposite party, constitutes legal fraud."

In Georgia, "in order to give rise to an action for damages, the defendant's fraud must be actual, i.e., the misrepresentation must be made either knowingly or with reckless disregard for the consequences…'innocent' or 'constructive' fraud

exists only as an equitable doctrine and will not support an action in tort for damages." Irvin v. Lowe's of Gainesville, Inc., 165 Ga. App. 828, 302 S.E.2d 734 (1983).  However, "…[a]n equitable action to cancel a deed on the ground of fraud, which clearly shows that the complainant failed to use even slight diligence to discover the fraud, fails to allege a cause of action. Courts of equity will not grant relief to one whose long delay renders the ascertainment of the truth difficult, though no legal limitation bars the action." Whitfield v. Whitfield, 204 Ga. 64, 48 S.E.2d 852 (1948).

In this instance, Petitioner fails to allege any specific action or misrepresentation upon which she relied to her detriment. Further, as stated above and as judicially admitted by Petitioner, Petitioner states that she "executed a Promissory Note and Security Deed (thereinafter the "Mortgage Loan", unless otherwise identified) in favor of Defendant EquiFirst Corporation in the principal amount of $88,000." See Paragraph 15 of the Petition.

It has been held that,

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the Petition. "There are, however, two exceptions. First, a court may consider material which is properly submitted as part of the Petition on a motion to dismiss…If the documents are not physically attached to the Petition, they may be considered if the documents' authenticity is not contested and the Petitioner's Petition necessarily relies on them. Second, under Fed. R.

> Evid. 201, a court may take judicial notice of matters of public
> record."

Dorner v. Commercial Trade Bureau, 2008 U.S. Dist. LEXIS 70425, 3-4 (E.D. Cal.

Apr. 10, 2008); *citing* Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir.

2001), citations omitted; *see also* Grabein v. Jupiterimages Corp., 21 Fla. L.

Weekly Fed. D 492 (S.D. Fla. July 7, 2008); *see also* STS Software Sys. v.

Witness Sys., 2006 U.S. Dist. LEXIS 98239 (N.D. Ga. Oct. 10, 2006); *citing*

Phillips v. AWH Corp., 415 F.3d 1303, 1319 (Fed. Cir. 2005) (en banc);

Interactive Gift Express, Inc. v. CompuServe, Inc., 256 F.3d 1323, 1332 (Fed. Cir.

2001).

The Court may therefore take judicial notice of the publicly available

documents attached as Exhibits G-L and N, which establish that there was no

misrepresentation as to chain of title:  The Security Deed Petitioner referred to is

attached as Exhibit B, Security Deed 1, and identifies Defendant EquiFirst as

Lender and MERS as nominee for Defendant EquiFirst and its successors and

assigns. Defendant EquiFirst sent Petitioner a Notice of Assignment, Sale or

Transfer of Servicing Rights on November 29, 2005 regarding Security Deed 1 and

another Notice of Assignment, Sale or Transfer of Servicing Rights on December

28, 2005 regarding Security Deed 2. See Exhibits E and F. Subsequently, MERS

executed Assignments which were recorded in the county records. See Exhibits G-L and N.

Petitioner fails to provide any evidence to support her assertions; indeed, the public record confirms that Petitioner's allegations concerning chain of title are false.  For these reasons, Petitioner's claims should be dismissed with prejudice.

### 2. <u>Petitioner's Fraudulent Assignment Claim Must Be Dismissed</u>

Petitioner alleges that the Assignment from MERS to US Bank National Association is a fraudulent assignment and, therefore, void. See Paragraphs 44 and 45 of the Petition.  O.C.G.A. §18-2-57 states that "[w]hen the assignment is attacked as fraudulent or void for any reason, it shall not be necessary to show fraud or collusion or notice thereof in the assignee in order to render the assignment void." Petitioner offers no evidence or basis to make such an allegation.

Further, the Security Deed, attached as Exhibit B, Security Deed 1, identifies Defendant EquiFirst as Lender and MERS as nominee for Defendant EquiFirst and its successors and assigns. Security Deed 1 also states that "Borrower does hereby grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS, with the power of sale, the following property...Borrower understands and agrees that MERS holds only legal

title to the interests granted by Borrower in the Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any and all of those interests, including, but not limited to, the right to foreclose and sell the Property…" Security Deed 1 identifies the property which is subject to this Petition. Subsequently, MERS executed Assignments which were recorded in the county records. See Exhibits G-L and N.

Petitioner judicially admits executing Security Deed 1, which makes clear that MERS had the right to assign the mortgage.  Petitioner fails to provide any evidence to support her assertions.  See Paragraph 15 of the Petition. For these reasons, Petitioner's claims should be dismissed with prejudice.

### 3.  Petitioner's Claim for Declaratory and Injunctive Relief Must Be Dismissed

In her demand for declaratory relief, Petitioner alleges that the Assignment from MERS to US Bank National Association is a fraudulent assignment and, therefore, void, and that Alliance Realty Capital, LLC (incorrectly identified as Alliance Realty Corporation) took possession of an illegal assignment. See Paragraphs 44, 45, and 49 of the Petition. Petitioner states that the "note and security deed were not executed in favor of any of the Defendants…[and that]

There was no express grant of any right to Defendant MERS to transfer and/or assign Plaintiff's mortgage loan." See Paragraph 49 of the Petition.

Petitioner is wrong, as explained in Section III.C above. MERS, "as nominee for Lender and Lender's successors and assigns" had the right to assign the mortgage to US Bank National Association. See Exhibit B, Security Deed 1. Subsequently, MERS executed Assignments which were recorded in the county records. See Exhibits G-L and N.

Petitioner alleges that Alliance Realty Capital, LLC (incorrectly, identified as Alliance Realty Corporation) "took possession of an illegal assignment where the security deed and the promissory note were clearly not attached constituting bifurcation which deeds the assignment null and void." See Paragraph 49 of the Petition. Courts have held that "the nominee of the lender has the ability to foreclose on a debtor's property even if such nominee does not have a beneficial interest in the note secured by the mortgage." Jackman v. Hasty, 2011 U.S. Dist. LEXIS 23628 (N.D. Ga. Mar. 8, 2011); citing Nicholson v. OneWest Bank, No. 1:10-cv-0795-JEC/AJB, 2010 U.S. Dist. LEXIS 45993, 2010 WL 2732325, at *4 (N.D. Ga. April 20, 2010). The Jackman court further reasoned that

> Plaintiff's argument is also foreclosed by the plain language of the Deed she granted to MERS. The plain language of the Deed granted by Plaintiff to MERS recognizes that the Note is held by the 'Lender,' but nonetheless expressly grants MERS and its assigns 'the right to

18

foreclose and sell the Property.' (Dkt. [9-1] at 19). The deed discloses no intent on the part of Plaintiff to restrict MERS or its assigns from selling the property if the Note and Deed were not in the possession of the same entity.

Id. at 12-13.

Similarly, Security Deed 1 expressly gave MERS, as nominee for the Lender and the Lender's successors and assigns, "the right to foreclose and sell the Property." MERS therefore properly assigned the mortgage to Alliance Realty Capital, LLC.

Because Petitioner failed to provide any evidence to support her assertions, the Petition should be dismissed with prejudice.

### 4.  **Petitioner's Claim for Violations of the FBPA Must Be Dismissed**

Petitioner alleges violations of the FBPA and makes baseless claims about unfair and deceptive servicing and loan modification issues. See Paragraphs 65-77 of the Petition. Defendant EquiFirst sent Petitioner a Notice of Assignment, Sale or Transfer of Servicing Rights on November 29, 2005 regarding Security Deed 1 and another Notice of Assignment, Sale or Transfer of Servicing Rights on December 28, 2005 regarding Security Deed 2. See Exhibits E and F. Subsequently, MERS executed Assignments which were recorded in the county records. See Exhibits G-L and N. Neither EquiFirst Defendant serviced Petitioner's loans nor engaged in any loan modification of her loans.  In addition, neither EquiFirst Defendant has an

interest in the loans or security deeds at issue as evidenced by the Notices of Assignment, Sale or Transfer of Servicing Rights and subsequent Assignments. Therefore, the EquiFirst Defendants seek dismissal with prejudice of Petitioner's claim for violations of the FBPA pursuant to Rule 12(b)(6).

### 5.  Petitioner's Claim for Violations of Georgia's RICO Act Must Be Dismissed

Petitioner alleges violations of Georgia's RICO Act. Petitioner cites O.C.G.A. § 16-4-6, crimes for criminal attempt. See Paragraphs 83-85 of the Petition. Petitioner asserts numerous baseless allegations about racketeering including, but not limited to, robo-signing and forgery, in violation of O.C.G.A. § 16-9-1. See Paragraph 85 of the Petition. However, Petitioner fails to allege any facts in support of these conclusory allegations.

Petitioner also alleges that all Defendants knowingly supplied false statements and writings, concealment of facts, and fraudulent documents in violations of O.C.G.A. § 16-10-20. See Paragraph 85 of the Petition. O.C.G.A. § 16-10-20 states that,

> A person who knowingly and willfully falsifies, conceals, or covers up by any trick, scheme, or device a material fact; makes a false, fictitious, or fraudulent statement or representation; or makes or uses any false writing or document, knowing the same to contain any false, fictitious, or fraudulent statement or entry, in any matter within the jurisdiction of any department or agency of state government or of the government of any county, city, or other political subdivision of this

state shall, upon conviction thereof, be punished by a fine of not more than $1,000.00 or by imprisonment for not less than one nor more than five years, or both. O.C.G.A. § 16-10-20.

Petitioner further makes baseless allegations of residential mortgage fraud. See

Paragraph 85 of the Petition. O.C.G.A.§ 16-8-102 states that,

> A person commits the offense of residential mortgage fraud when, with the intent to defraud, such person: (1) Knowingly makes any deliberate misstatement, misrepresentation, or omission during the mortgage lending process with the intention that it be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process; (2) Knowingly uses or facilitates the use of any deliberate misstatement, misrepresentation, or omission, knowing the same to contain a misstatement, misrepresentation, or omission, during the mortgage lending process with the intention that it be relied on by a mortgage lender, borrower, or any other party to the mortgage lending process; (3) Receives any proceeds or any other funds in connection with a residential mortgage closing that such person knew resulted from a violation of paragraph (1) or (2) of this Code section; (4) Conspires to violate any of the provisions of paragraph (1), (2), or (3) of this Code section; or (5) Files or causes to be filed with the official registrar of deeds of any county of this state any document such person knows to contain a deliberate misstatement, misrepresentation, or omission. O.C.G.A.§ 16-8-102.

Petitioner fails to allege any facts to support these conclusory allegations.  And by

judicially admitting that EquiFirst was the original lender of the loan in question,

see Paragraph 15 of the Petition, and not challenging Security Deed 1, Exhibit B,

which identifies Defendant EquiFirst as Lender and MERS as nominee for

Defendant EquiFirst and its successors and assigns, Petitioner's own allegations

demonstrate the frivolousness of her RICO allegations.

Petitioner fails to allege any facts to support her claims and the Petition therefore fails to state a claim upon which relief may be granted. Accordingly, the Petition should be dismissed with prejudice.

### 6. Petitioner's Claim For Wrongful Foreclosure Must Be Dismissed

Petitioner alleges that Defendants FCI Servicing and Alliance Realty Corporation conducted a wrongful foreclosure. See Paragraphs 86-88 of the Petition. Petitioner does not allege that the EquiFirst Defendants participated in the foreclosure at issue. Nor do the EquiFirst Defendants have an interest in the loan at issue, as evidenced by the Notices of Assignment, Sale or Transfer of Servicing Rights and subsequent Assignments. Therefore, the Petition against the EquiFirst must be dismissed with prejudice for failure to state a plausible claim pursuant to Rule 12(b)(6).

### IV.   CONCLUSION

Because this Court lacks personal jurisdiction over Barclays, Petitioner's claims against Barclays must be dismissed with prejudice.  In addition, none of Petitioner's allegations state a claim against the EquiFirst Defendants and should be dismissed for the reasons asserted herein.  Accordingly, Defendants respectfully request that this Court grant its Motion to Dismiss with prejudice.

Respectfully submitted this 17th day of April, 2014.

**FRANZÉN AND SALZANO, P.C.**

 /s/ Therese G. Franzén
Therese G. Franzén
Georgia Bar No. 492367
D. Sharmin Arefin
Georgia Bar No. 511388

40 Technology Parkway South, Suite 202
Norcross, Georgia 30092
(770) 248-2885
(770) 248-2883 – Fax
tfranzen@franzen-salzano.com
sarefin@franzen-salzano.com
*Counsel for Defendants Barclays PLC and EquiFirst Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| TERESA M. LINCH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE: |
| | ) | 5:14-CV-00061-MTT |
| | ) | |
| ALLIANCE REALTY CAPITAL, LLC, | ) | |
| BARCLAY PLC, EQUIFIRST | ) | |
| CORPORATION, OCWEN LOAN | ) | |
| SERVICING, LLC, US NATIONAL | ) | |
| BANK ASSOCIATION, LLC, U.S. | ) | |
| BANCORP, LLC, RESIDENTIAL | ) | |
| FUNDING COMPANY, LLC,  MORRIS | ) | |
| HARDWICK SCHNEIDER ATTORNEYS | ) | |
| AT LAW, MORTGAGE ELECTRONIC | ) | |
| REGISTRATION  SYSTEMS, INC., | ) | |
| and FCI LENDER SERVICES,  INC., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I electronically filed the foregoing Motion
to Dismiss of Defendants Barclays PLC and EquiFirst Corporation with the Clerk
of Court using the CM/ECF system which will automatically send email
notification of such filing to the following attorneys of record:

Thomas E. Reynolds, Jr.
treynolds@thomasreynoldslaw.com

Alexandria J. Reyes
alex.reyes@troutmansanders.com

Respectfully submitted this 17th day of April, 2014.

**FRANZÉN AND SALZANO, P.C.**

/s/ Therese G. Franzén
Therese G. Franzén
Georgia Bar No. 492367
D. Sharmin Arefin
Georgia Bar No. 511388

40 Technology Parkway South, Suite 202
Norcross, Georgia 30092
(770) 248-2885
(770) 248-2883 – Fax
tfranzen@franzen-salzano.com
sarefin@franzen-salzano.com
*Counsel for Defendants Barclays PLC and EquiFirst Corporation*